Van Deventer v. Van Deventer.

---

RACHEL VAN DEVENTER v. ISAAC G. VAN DEVENTER AND ADALINE VAN DEVENTER.

1. Judgment confessed by husband and wife will be set aside at the instance of the wife when the debt for which it is confessed was that of the husband, she being only surety for its payment.
2. Declarations made to persons executing a bond and warrant of attorney to confess judgment, cannot be read in evidence to defeat a judgment entered in accordance with these terms.

---

On rule to set aside judgment.

December 24th, 1876, judgment was entered in this court,

upon bond and warrant of attorney, against the defendants, who were husband and wife, and in favor of the plaintiff, for $2168.55.

The amount of the bond was made up of two promissory notes, one given by defendants to plaintiff September 1st, 1873, for $1341.10; the other given by defendants to Catharine Van Deventer November 29th, 1873, for $370.67, and assigned to plaintiff, together with interest from that date; also, a loan of $50, with interest. Isaac G. Van Deventer died, leaving the judgment unpaid. Adaline, the other defendant, seeks to set aside the judgment as to her.

Argued at June Term, 1884, before Justices KNAPP, DIXON and PARKER.

For the rule, *A. A. Clark.*

*Contra, Alan H. Strong.*

The opinion of the court was delivered by

KNAPP, J. The defendant Adaline Van Deventer, a judgment debtor jointly with her husband and surviving him, asks to have the judgment annulled as to her. The testimony taken under the rule was directed to three grounds, upon which the validity of the judgment is attacked. The first of these is that she signed the bond and warrant of attorney for confessing the judgment under coercion of her husband amounting to duress.

At the time of the execution of the papers mentioned, it was legally competent for her, as a *feme covert*, through such a method, voluntarily adopted or acquiesced in, to effect security for her debt, and when her seal is found annexed to such instrument, the presumption is that it is there of her own will, and the burden is put upon her to show that in the act of execution her will was, by some controlling force, so dominated over as to destroy her free agency. It is not sufficient for this that strong persuasion or angry words are used,

or even threats of personal violence, where the ability to execute such threats is wanting. Much less will coercion be inferred from the destruction of or threats to destroy his own property. In legal duress there must be imprisonment or imminent danger of bodily harm. *Sooy* ads. *State*, 9 *Vroom* 324, 329; *Wright* v. *Remington*, 12 *Vroom* 48.

All that appears in the case pointing to coercion of the wife at the time she signed the papers are the angry words, looks and gestures of a paralytic husband, almost helpless and quite impotent to execute any threat of harm. Contracts and obligations are not to be invalidated upon such pretexts.

The second objection made to the judgment is that she did not know the nature of the papers which she was called upon to sign, and was told by the plaintiff that the papers were of no account and only a formal matter.

It is not asserted that she was in any manner defrauded into the act of signing by any representation that the documents executed by her were of a different character or import from that plainly appearing upon their face. She could read, and had liberty to examine them. With every opportunity to become acquainted with their contents, the presumption is that when they came from her hands they had imparted to them validity according to their legal effect. The alleged declaration that they were not to be enforced according to their proper meaning, made by the plaintiff at the time they were given, was not matter competent to be proved to alter or qualify the written terms of documents.

But it is allowed in this procedure to look into the validity and sufficiency of the consideration for the bond upon which the judgment is founded, and this may be done at the instance of the judgment debtor. *Scudder* v. *Coryell*, 5 *Halst.* 340; *Latham* v. *Lawrence*, 6 *Halst.* 322; *Clapp* v. *Ely*, 3 *Dutcher* 555.

This presents the third point on which this judgment is assailed. It is alleged that the debt for which the judgment was confessed was not due from the wife, either in whole or in any part, but was the proper debt of the husband.

The case clearly shows, I think, that the wife had no separate estate except the equity of redemption in a farm, for the purchase of which the husband negotiated, and, at his own instance and for his own purposes, had the title thereto conveyed to her, they giving back a mortgage for an amount within $1000 of the purchase price named in the deed. Whether any money was paid upon the purchase does not appear, but the wife testifies that she paid nothing, and had no means to pay with. The defendants lived upon the farm, the husband managing it, procuring and owning the stock and utensils on the farm. They are shown, in the testimony, to have given several promissory notes jointly to different persons, but it does not appear that any of these were for a debt or liability of the wife's contracting. For the notes which were put in this judgment, I think there is no evidence that can be relied on to show that she contracted any part of the debts which they were given to secure. The wife denies that she ever borrowed any money from the plaintiffs, except small sums, which she says she paid back, and no such sums are charged. as remaining unpaid. She also emphatically denies that her husband, to her knowledge, ever borrowed any money in her name or on her account, or with her assent or acquiescence; and against this there is no proof elicited from the plaintiff, who was sworn and drawn out by a leading examination of a character at all satisfactory to show the payment of any money to the contesting defendant, or of any request to lend on her account. She does say that she would not have loaned any money except ·on the wife's name. But the note to her was given long after the loan of $600 (the only one proved) was made, and plaintiff does not, except in the most vague way, say that the money was advanced to the wife, or upon her request, or that she had any knowledge that it was in reliance upon her credit, if such was the fact. A finding ·of either of these facts against the contestant must rest alone upon inference based upon doubtful evidence of the transactions of the parties, when the plaintiff must have been able, had either been true, to speak with some directness. The denial of

either by the wife was explicit, and it best accords with attendant circumstances.    But I think the truth is, so far as can be gathered from the testimony, that the husband became the borrower, and was the sole principal debtor of the plaintiff. The wife gave her name to notes when requested by the husband, but she stands as surety, merely, for his debt.    For such a liability it was not within her legal power to contract.

The statute which removes from her the common law disability to make contracts expressly withholds from her the power to engage as surety, and relieves her from all liability upon her promise to pay the debt of another or to answer for the default or liability of another.    *Rev., p.* 637, § 5.

I think the proof also shows that, as to the other claims which are alleged as forming part of the consideration of the demand upon which the judgment rests, they are equally invalid as a claim against her, and for the same reasons.    She denies borrowing any money from Catharine Van Deventer, or authorizing her husband to borrow for her, or that she ever received any money, directly or indirectly, from the payee of that note; and there is no evidence of any value tending to contradict her.    Assuming that the burden of proof rests upon the defendant in a proceeding to impeach the judgment, I am unable to resist the conclusion that she has successfully met that requirement.    The objection that this proceeding is taken too late is not tenable.    These proceedings were taken by her immediately after she came actually to know that the judgment stood of record against her, and the settled practice permits inquiry into the validity of such judgment whenever application is made within a reasonable time.

We conclude that, as to the contestant, the judgment is invalid and should be set aside.